UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARLENE LEWIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA PROPERTY 1, LLC, d/b/a the Cosmopolitan of Las Vegas; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:12-cv-01564-MMD-GWF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 10) |

**I.   SUMMARY**

Before the Court is Defendant Nevada Property 1, LLC's ("Defendant") Motion to Dismiss Pursuant to the *Colorado River* Doctrine. (Dkt. no. 10.) For the reasons below, the Motion is denied.

This case arises out of the alleged unfair wage and hour practices of Defendant. Plaintiff Darlene Lewis ("Plaintiff") brings several causes of actions under the Fair Labor Standards Act (FLSA) and Nevada wage and hour laws for Defendant's alleged failure to pay certain classes of employees for all time worked, failure to properly calculate overtime rates, and failure to promptly pay wages due and owing. Plaintiff's complaint purports to be on behalf of all employees similarly situated, and seeks class certification. Nonetheless, no class has yet been certified.

Plaintiff's claims and underlying factual allegations share similarities with the claims and allegations in another potential class action[1] against Defendant currently pending in state court. Although the named plaintiffs in the two cases are different, Defendant argues that the two actions are essentially identical because of the potential for overlap among class members in the event classes are certified in both actions. Defendant requests that the Court decline to exercise its jurisdiction over the matter under the *Colorado River* doctrine and dismiss the instant matter to avoid piecemeal litigation and the potential for inconsistent judgments. Defendant argues that dismissing this action to allow the parties to resolve the entire dispute in state court is "wise judicial administration." *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). Alternatively, Defendant seeks to stay this action pending the resolution of the state court action.

Defendant's Motion, however, is premature. Whether or not the cases will be certified as class actions and what the scope of those certifications may be remains to be seen. Further, whether the opt-in or opt-out behavior of potential class members post certification would result in actual overlap is also based on conjecture. It would be inappropriate to base an analysis of the *Colorado River* factors on speculative overlap between potential classes. Any such analysis would essentially amount to an advisory opinion of what the Court would do assuming certain facts. For these reasons, the Court will deny the Motion. Defendant may renew the Motion or seek a stay if and when there is actual overlap between the plaintiffs in both actions.

///
///
///
///
///

---

[1] The state court has also not yet certified a class.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant Nevada Property 1, LLC's Motion to Dismiss Pursuant to the *Colorado River* Doctrine (dkt. no. 10) is DENIED.

DATED THIS 10th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE