Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Peter Navarro, Bar No. 10187
peter.navarro@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel:  (702) 921-2460
Fax: (702) 921-2461

Paul DeCamp, Virginia Bar No. 76204
DeCampP@jacksonlewis.com
*Admitted Pro Hac Vice*
**JACKSON LEWIS P.C**.
10701 Parkridge Boulevard, Suite 300
Reston, Virginia  20191
Tel: (703) 483-8305
Fax: (703) 483-8301

*Attorneys for Defendant*
*Nevada Property 1, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE LEWIS, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>NEVADA PROPERTY 1, LLC, d/b/a the Cosmopolitan of Las Vegas; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 2:12-cv-01564-MMD-GWF |

**DEFENDANT NEVADA PROPERTY 1, LLC'S**
**MOTION FOR ORDER TO SHOW CAUSE WHY**
**CERTAIN PLAINTIFFS SHOULD NOT BE DISMISSED**
**FROM THIS CASE WITH PREJUDICE**

Pursuant to Federal Rules of Civil Procedure 37 and 41(b), Defendant Nevada Property 1, LLC dba The Cosmopolitan of Las Vegas (the "Company" or "The Cosmopolitan") submits this Motion for Order to Show Cause Why Certain Plaintiffs Should Not be Dismissed From this Case with Prejudice. This Motion is based upon the attached Memorandum of Points and Authorities, the attached exhibits, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

Respectfully submitted this 28th day of January 2014,

JACKSON LEWIS P.C.

/s/ Elayna J. Youchah
Elayna J. Youchah, Bar # 5837
Peter Navarro, Bar # 10187
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Paul DeCamp, Virginia Bar # 76204
*Admitted Pro Hac Vice*
10701 Parkridge Boulevard, Suite 300
Reston, Virginia 20191

*Attorneys for Defendant Nevada Property 1, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Darlene Lewis filed a Collective and Class Action Complaint on behalf of herself and other allegedly similarly situated current and former employees of The Cosmopolitan. Plaintiff's Complaint asserts various causes of action under state and federal law, including claims for class relief among various proposed classes under the Fair Labor Standards Act ("FLSA"). This Court granted conditional certification as to Plaintiff's proposed FLSA Uniform Subclass as well as to a small group of individuals in the Satellite Bank Subclass. In total, approximately 922 individuals opted into these two classes ("Opt-In Plaintiffs"). Eighteen of the Opt-In Plaintiffs clearly have no intent on pursing their rights against The Cosmopolitan as they failed to appear for their noticed depositions on two or more occasions. This failure to comply with the Civil Rules of Procedure prejudices The Cosmopolitan by

impairing its ability to gather relevant evidence regarding the extent to which the Opt-In Plaintiffs are similarly situated – a claim The Cosmopolitan intends to challenge. Accordingly, The Cosmopolitan requests that the Court dismiss the eighteen non-complying Opt-In Plaintiffs with prejudice absent a showing of cause why they failed to participate in the discovery process.

## PROCEDURAL HISTORY

Plaintiff initiated this action on August 31, 2012 (Dkt. # 1), and filed an Amended Complaint on September 24, 2012 (Dkt. # 6). On October 17, 2012, Plaintiff filed a Motion for Circulation of Notice Pursuant to 29 U.S.C. § 216(b) ("Motion for Circulation") seeking to conditionally certify three of the four subclasses set forth in the Complaint. Dkt. # 11. On January 22, 2013, the Court issued an order granting Plaintiff's Motion for Circulation as to the Uniform Subclass and on a limited basis to the Satellite Bank Subclass. Dkt. # 30. The Court reserved judgment as to a third proposed Subclass.[1] *Id.* Approximately 922 individuals joined the two proposed subclasses as Opt-In Plaintiffs.

This case is set for bifurcated discovery. Dkts. # 24, 37. The purpose of Phase One of discovery is to allow the parties to gather relevant evidence concerning the extent to which the plaintiffs are similarly situated. This evidence will be used by the parties to file motions concerning whether the plaintiffs are, in fact, similarly situated and whether the case should continue to proceed as a collective action. Phase One of discovery closed on January 10, 2014.[2] Dkt. # 71.

## STATEMENT OF UNDISPUTED FACTS

After confirming Plaintiffs' counsel's availability, on November 25, 2013, The Cosmopolitan served deposition notices on thirty-four Opt-In Plaintiffs, scheduled to occur during the week of December 9, 2013. **Declaration of Peter Navarro attached hereto as Exhibit 1 ("Navarro Decl.") ¶ 3.** After these notices were served, and before the depositions were set to occur, Defendant coordinated with Plaintiffs' counsel to re-schedule depositions for those Opt-In Plaintiffs who alerted counsel they

---

[1] That third proposed class (the "Overtime Class" as defined in the Amended Complaint) is the subject of a separate motion for summary judgment filed by Defendant and currently pending before this Court.

[2] The parties agreed to extend discovery until February 10, 2014 for the sole and limited purpose of Plaintiff taking the depositions of up to ten individuals from the group of declarations disclosed by Defendant. Dkt. # 71.

were unavailable to attend their depositions as originally noticed. *Id.* ¶ 4.[3] Ultimately, only twelve of the thirty-four Opt-In Plaintiffs noticed for the week of December 9, 2013 appeared for depositions. *Id.* ¶ 6.[4]

Thereafter, the parties agreed to re-schedule the depositions for the twenty-two Opt-In Plaintiffs who had failed to appear for their depositions during the week of December 9, 2013, over a three day period commencing on January 6, 2014. *Id.* ¶ 7. The parties also conferred pursuant to Federal Rule of Civil Procedure 37 with respect to Defendant's intent to move this Court to dismiss any Opt-In Plaintiff who again failed to appear for his/her re-noticed deposition. *Id.* ¶ 8. During this conference, Plaintiffs' counsel indicated that they would not oppose Defendant's Motion with respect to those Opt-In Plaintiffs who did not appear for either of his/her noticed depositions. *Id.*

On December 16, 2013, The Cosmopolitan served amended deposition notices on each of the twenty-two Opt-In Plaintiffs who failed to appear for their first noticed depositions. *Id.* ¶ 9. As before, the parties coordinated the availability of these deponents and any requests to change their deposition dates or times. *Id.*[5] Nevertheless, only four of the twenty-two deponents appeared for their deposition as re-noticed or as re-scheduled pursuant to requests made by Plaintiff's counsel. *Id.* ¶ 9.

---

[3] Through counsel, the following Opt-In Plaintiffs requested a different day or time for their deposition set for the week of December 9, 2013: Antwan Wilder, Jazmin Massee, Jillieanfemaluai Young, Joseph Villavicencio, and Robert Oleo. **Navarro Decl.** ¶ 5. Defendant served amended deposition notices to each of these individuals, re-scheduling their depositions for the day/time they requested. *Id.*

[4] Inexplicably, none of the Opt-In Plaintiffs who requested a different day or time for their originally noticed depositions (as listed in Footnote 3) appeared for their re-scheduled deposition. **Navarro Decl.** ¶ 6.

[5] On January 3, 2014, Plaintiffs' counsel e-mailed Defendants to confirm the depositions for eight of the twenty-two Opt-In Plaintiffs. *Id.* ¶ 10. *See also* **Exhibit 2.** During this period, Plaintiffs' counsel asked to reschedule the deposition of Joseph Villavicencio from January 8, 2014 to January 7, 2014, and Defendant agreed to this request. *Id.* at ¶ 11. Nevertheless, Mr. Villavicencio failed to appear for his deposition, and did not request an alternative date or provide any information as to why he was unable to attend. *Id.*

Thus, eighteen Opt-In Plaintiffs failed to attend their noticed depositions on two occasions, including those whose depositions were re-scheduled per their request.[6] *Id.* With respect to these non-appearances, Plaintiffs' counsel explained that the deponents either: (1) failed to respond to numerous communications from counsel; (2) indicated they would appear, but then failed to do so; or (3) requested to be dismissed from the matter.[7] *Id.* ¶ 13. Moreover, with the exception of those Opt-In Plaintiffs who requested dismissal from this case, the remainder provided no explanation for their refusal to comply with their deposition notices. *Id.* ¶ 14. Approximately two days after the Opt-In Plaintiffs failed to appear for their January 2014 depositions, Phase One of discovery closed.

## ARGUMENT

### I. THE COURT SHOULD REQUIRE THE OPT-IN PLAINTIFFS WHO REPEATEDLY FAILED TO APPEAR FOR THEIR DEPOSITIONS TO SHOW CAUSE WHY THEIR CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE.

All individuals who consent to join an action under Section 16(b) of the FLSA, 29 U.S.C. § 216(B), are party plaintiffs. Thus, each person who opts into a Section 16(b) case is a plaintiff in his/her own right who must actively participate in the litigation and prove the merits of his/her own claims. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.,* 347 F.3d 1240, 1249 (11th Cir. 2003); *Vogel v. Am. Kiosk Mgmt.,* 371 F. Supp. 2d 122, 127-28 (D. Conn. 2005). As such, opt-in plaintiffs are subject to discovery. *See, e.g., Cranney v. Carriage Servs.,* No. CV 2:07-01587, 2008 U.S. Dist. LEXIS 113606, *15-16 (D. Nev. June 16, 2008) (defendants were "permitted to conduct enough discovery to support a motion to decertify the conditionally certified class" and allowed to engage in individual discovery of 10% of the opt-in class); *Abubakar v. City of Solano,* No. Civ. 5-06-2268, 2008 U.S. Dist. LEXIS 17456 (E.D. Cal. Feb. 22, 2008) (individualized discovery of all 160 employee opt-ins was appropriate because defendant sought to challenge whether the plaintiffs were similarly situated); *Coldiron v. Pizza Hut, Inc.,* No. CV 03-05865, 2004 U.S. Dist. LEXIS 23610 (C.D. Cal. Oct. 25, 2004)

---

[6] These individuals are: Agnes Daguio, Alain Leon, Antwan Wilder, Armando I. Oliveira, Ezekiel Arteaga, Henry R. Beverly, Jazmin Massee, Jillieanfemaluai Young, Joseph Villavicencio, Lidia I. Villagran, Llina Trujillo, Marc Alejandrino, Maria Lopez, Marylynn Trent, Mildred Farrington, Osley Perez Ferret, Robert Oleo, and Wilber A. Menjivar Martinez. *Id.* ¶ 12.

[7] In their January 3, 2014 e-mail, Plaintiffs' counsel stated that the following Opt-In Plaintiffs requested to be dismissed: Marilynn Trent, Osley Perez Ferret, and Jillieanfamaluai Young. *Id.* ¶ 10. *See also* **Exhibit 2.**

(discovery on all 306 opt-in plaintiffs in FLSA collective action was "necessary and appropriate" because the defendant intended to contest whether the plaintiffs were similarly situated and to move to decertify the class).

Federal Rule of Civil Procedure 37(d) states that where, as here, a party fails to attend his/her own deposition, the Court may issue an order sanctioning the individual which may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(1) and (d)(3).[8] Likewise, Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss the action or any claim if the plaintiff fails to prosecute his/her claim, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a court order. Fed. R. Civ. P. 41(b).

Courts applying these Rules hold that dismissal of opt-in plaintiffs is warranted when they refuse to appear for their noticed deposition and/or to otherwise comply with discovery requests. *See, e.g., Chavez v. WIS Holdings Corp.*, No. CV 07-1932, 2013 U.S. Dist. LEXIS 71294, *5-6 (S.D. Cal. May 20, 2013) (granting defendant's motion to compel the depositions of FLSA opt-in plaintiffs and stating that if any "fail to appear at their deposition, defendants may file a motion . . . for their dismissal"); *Navarro v. Bean Drywall, Inc.*, No. CV-06-02096, 2009 U.S. Dist. LEXIS 67935 (D. Az. Aug. 3, 2009) (dismissing 16 opt-in plaintiffs who had failed to attend their noticed depositions)[9]; *Brennan v. Quest Comms. Int'l, Inc.*, No. 07-2024, 2009 U.S. Dist. LEXIS 47898, *9-10 (D. Minn. June 4, 2009) (dismissing FLSA plaintiffs with prejudice who refused to sit for depositions or answer interrogatories, per Federal Rules of Civil Procedure 37 and 41(b)). Here, absent a showing of cause, the Court should dismiss the eighteen Opt-In Plaintiffs who repeatedly failed to appear for their depositions.

---

[8] Specifically, Rule 37(d)(3) states that "sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which includes "(v) dismissing the action or proceeding in whole or in part." Rule 37(d)(3) also states that "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

[9] In *Navarro v. Bean Drywall*, the Court dismissed the plaintiffs without prejudice because "Defendants offer no evidence of bad faith, dishonesty, or obstruction." *Id.* at *6. Unlike in *Navarro*, however, The Cosmopolitan is not moving for the eighteen opt-in plaintiffs to be dismissed outright. Rather, The Cosmopolitan is first asking the Court to issue an order for them to show cause, to assess whether dismissal with prejudice is appropriate.

6

The Ninth Circuit has developed "a five-part 'test'" to assess whether dismissal as a sanction under Rule 37 is just: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).[10] The Court explained that "factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Id.*[11] Applying these factors to the instant case weighs in favor of the Court granting the present motion, and ultimately dismissing the eighteen Opt-In Plaintiffs from this case if they are unable to show sufficient cause for missing their twice-noticed depositions.

As Phase One of discovery closed within days of the eighteen Opt-In Plaintiffs' second failure to appear, failure to dismiss the Opt-In Plaintiffs will result in substantial delay in the processing of this case, and clogging this Court's docket unnecessarily. Further, the eighteen Opt-In Plaintiffs' failure to appear for their noticed depositions before the close of Phase One discovery has substantially prejudiced The Cosmopolitan. Specifically, The Cosmopolitan intends to challenge whether the Opt-In Plaintiffs are similarly situated and whether the case should continue to proceed as a collective action. By failing to participate in the discovery process, the eighteen Opt-In Plaintiffs have hampered Defendant's ability to obtain evidence central to these defenses. As one court explained when dismissing FLSA plaintiffs who refused to sit for depositions or answer interrogatories, "being prevented from conducting timely depositions limits [defendant's] ability to gather evidence that might reveal the presence of

---

[10] While *Valley Eng'rs* involved a violation of Rule 37(b) (failure to obey discovery orders), it has been applied with equal force to motions for sanctions, including a motion to dismiss, under Rule 37(d). *See, e.g., Navarro v. Bean Drywall, Inc.*, No. 2009 U.S. Dist. LEXIS 67935.

[11] The Court further explained that "factor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.* Nonetheless, the Court cautioned that, "despite all this elaboration of factors, we have said that it is not always necessary for the Court to impose less serious sanctions first, or to give any explicit warning." *Id.* Rather, "the list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Id.* Indeed, a "dismissal under Fed. R. Civ. P. 37 is reviewed for abuse of discretion" and "the district court's factual findings are reviewed for clear error." *Id.* at 1052.

individualized defenses, which would be particularly relevant to the decertification motion and is a clear example of prejudice." *Brennan v. Quest Comms. Int'l, Inc.*, 2009 U.S. Dist. LEXIS 47898 at *9-10.

Finally, regarding the availability of a less drastic sanction, by first ordering the deponents to show cause as to why they should not be dismissed, the Court is applying a less drastic sanction than ordering their dismissal outright. If the deponents fail to show cause, however, Defendant respectfully submits that no lesser sanction than dismissal with prejudice is appropriate. *See, e.g., Vennett v. American Intercontinental University Online*, No. 05C4889, 2007 U.S. Dist. LEXIS 92891 (N.D. Ill. Dec. 13, 2007) (dismissing opt-in plaintiffs in FLSA case who failed to respond to interrogatories and appear for noticed depositions, noting that, while lesser sanctions are permissible, in an overtime action "the plaintiff's own testimony is so central to any claim that the appropriate sanction would be dismissal of the case.").

The eighteen Opt-In Plaintiffs who are the subject of this motion received several opportunities to attend their depositions. For those who stated they needed to change the date or time of their deposition, Defendant obliged. For those who failed to appear for their first noticed deposition, Defendant noticed their deposition a second time. Again, Defendant re-scheduled the depositions of those who so requested. By their actions, these deponents have shown a disinterest in pursuing their claims (indeed, three expressly have requested to be dismissed), and have thwarted Defendant's ability to gain discovery relevant to moving to decertify the claims presented. Given the circumstances, the Court should dismiss from this case, with prejudice, the eighteen Opt-In Plaintiffs who repeatedly failed to appear for their depositions, absent a showing of cause. In addition, as to each such Opt-In Plaintiff who does not show cause, Defendant respectfully requests that the Court order the Opt-In Plaintiff to pay The Cosmopolitan's reasonable expenses, including attorney's fees, caused by their failure to appear. *See* Fed. R. Civ. Proc. 37(d)(3).

## CONCLUSION

For the foregoing reasons, the Court should require the eighteen Opt-In Plaintiffs who failed to appear for their depositions to show cause within 14 days of the Court's Order as to why the Court

should not dismiss them from this lawsuit with prejudice. In addition, as to each such Opt-In Plaintiff who does not show cause, Defendant respectfully requests that the Court order the Opt-In Plaintiff to pay The Cosmopolitan's reasonable expenses, including attorney's fees, caused by their failure to appear.

Respectfully submitted the 28th day of January, 2014

JACKSON LEWIS P.C.


/s/ Elayna J. Youchah
Elayna J. Youchah, Bar # 5837
Peter Navarro, Bar # 10187
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Paul DeCamp, Virginia Bar # 76204
*Admitted Pro Hac Vice*
10701 Parkridge Boulevard, Suite 300
Reston, Virginia 20191

*Attorneys for Defendant Nevada Property 1, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee Jackson Lewis P.C. and that on this 28th day of January, 2014, I caused a true and correct copy of the above and foregoing **DEFENDANT NEVADA PROPERTY 1, LLC'S MOTION FOR ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS SHOULD NOT BE DISMISSED FROM THIS CASE WITH PREJUDICE**, via electronic mail, through the Court's ECF filing system, properly addressed to the following:

Mark R. Thierman
Josh Buck
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiff*

/s/ Emily Santiago
Employee of Jackson Lewis P.C.