UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE LEWIS, on behalf of herself and all others similarly situated,<br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>NEVADA PROPERTY 1, LLC, d/b/a the Cosmopolitan of Las Vegas; and DOES 1 through 50, inclusive,<br>　　　　　　　　　　　　Defendant. | Case No.: 2:12-cv-01564-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Nevada Property 1, LLC's Motion for Order to Show Cause Why Certain Plaintiffs Should not be Dismissed With Prejudice (#77), filed on January 28, 2014. Plaintiff Darlene Lewis, on behalf of herself and all others similarly situated filed a Response to Defendant's Motion (#87) on February 11, 2014. Defendant filed its Reply (#90) on February 21, 2014. The Court conducted a hearing in this matter on March 3, 2014.

**BACKGROUND AND DISCUSSION**

Plaintiff Darlene Lewis filed her Collective and Class Action Complaint (#1) in this case on August 31, 2012. Plaintiff seeks to certify a collective action "opt-in" class of similarly situated employees pursuant to 29 U.S.C. § 216(b) and to also certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court conditionally certified an "opt-in" class under § 216(b) on January 22, 2013. *Order (#30)*. Several hundred employees have executed consents to join the lawsuit and become "opt-in plaintiffs." Plaintiff has not yet filed a motion to certify this case as a class action pursuant to Rule 23.

Pursuant to Phase One discovery, the purpose of which was to gather evidence concerning the extent to which plaintiffs are similarly situated, Defendant noticed the depositions of thirty-four

opt-in plaintiffs. Prior to proceeding with the depositions, Defendant coordinated with Plaintiff's counsel to re-schedule depositions for those opt-in plaintiffs who alerted counsel that they were unavailable to attend the depositions as originally noticed. Ultimately, only twelve opt-in plaintiffs appeared for their depositions. The parties agreed to reschedule the depositions of the twenty-two opt-in plaintiffs who did not appear for their depositions. Only four of the opt-in plaintiff's appeared for the second round of re-scheduled depositions, leaving eighteen opt-in plaintiffs who have failed to appear for both of their noticed depositions. Three of these opt-in plaintiffs have notified Plaintiff's counsel of their request to be dismissed from this action.

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, Defendant requests that the eighteen opt-in plaintiffs be required to show cause why their claims should not be dismissed, with prejudice, for their failure to appear for their depositions. If the opt-in plaintiffs fail to show good cause, then Defendant requests that their claims be dismissed with prejudice. This includes barring the opt-in plaintiffs from participating as members of Rule 23 class, if a class action is hereafter certified. Defendant also requests an award of reasonable expenses, including attorney's fees caused by the opt-in plaintiffs' failures to appear for their depositions.

Plaintiff's counsel does not oppose dismissal of the opt-in plaintiffs from the FLSA portion of the lawsuit, but argues that they should not be barred from participating as class members in a Rule 23 class action if one is certified. Plaintiff's counsel also opposes Defendant's request that the opt-in plaintiffs be ordered to pay Defendant's costs and attorney's fees resulting from their failures to appear for their depositions.

Courts have dismissed, with prejudice, the FLSA and class action claims of opt-in plaintiffs who have failed to comply with court orders requiring them to appear for depositions or respond to discovery. *See e.g. Brennan v. Qwest Communications Intern., Inc.*, 2009 WL 1586721 (D.Minn. 2009). Rule 37(d)(1)(A)(i) provides that the court may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Unlike other discovery matters governed by Rule 37(b), no court order directing a party to appear for his or her deposition is required before sanctions may be imposed. Defendant, however, does not seek dismissal of the claims of the eighteen opt-in plaintiffs without the Court first ordering them to appear for their

depositions and notifying them that their claims will be dismissed if they fail to do so.

Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing this sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  In order for the sanction of dismissal to be appropriate, the sanctioned party's conduct must be due to willfulness, fault or bad faith.  Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault.  *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993).  It is not always necessary for the court to explicitly warn the party of the dismissal sanction.  *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998).  An order warning the party that his claim will be dismissed if he fails to comply with the court's discovery order, however, negates any legitimate claim by the party that he did not understand either his duty to comply with the discovery request or the serious consequences that would result from the failure to do so.

Although the opt-in plaintiffs became parties to this action upon the filing of their consents, in all likelihood they do not have the same level of attorney-client relationship or communication with Plaintiff's counsel that the representative plaintiff, Ms. Lewis, does.  Some, if not all, of the eighteen opt-in plaintiffs may have decided not to appear for their depositions because they concluded that the anticipated recovery in this case does not justify the burden of actively participating in the action and appearing for deposition.  While it is appropriate to dismiss the claims of such plaintiffs if they fail to comply with an order to appear for their depositions, the Court does not believe the imposition of attorney's fees or costs against them is just, unless they actually agree to appear for a scheduled deposition, but then fail to appear.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nevada Property 1, LLC's Motion for Order to Show Cause (#77) is **granted** as follows:

1. Each of the eighteen (18) opt-in plaintiffs whose depositions were previously noticed by Defendant and who failed to appear for his or her deposition is hereby ordered to appear for deposition at a date, time and place to be noticed by Defendant.

2. The failure of an opt-in plaintiff to appear for his or her rescheduled deposition in compliance with this order will result in a recommendation that the claims of that opt-in plaintiff, including any claim or right to participate as a member of a class that is hereafter certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, be dismissed, with prejudice.

3. Plaintiff's counsel shall mail a copy of this order and the notice of the rescheduled deposition to each of the opt-in plaintiffs who previously failed to appear for his or her deposition. Plaintiff's counsel should also notify the opt-in plaintiffs, in writing, in accordance with this order, that the opt-in plaintiff is required to appear for deposition if he or she wishes to continue to participate as a plaintiff in this action and that their claims will be dismissed, with prejudice, if they fail to do so.

DATED this 4th day of March, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge